UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTHIAN ALEJANDRO MARTINEZ GUTIERREZ (A#240-169-811)<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTE, et al.,<br><br>Respondents. | No.  1:26-cv-04496-DC-SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2241 raising a due process challenge to his detention without an individualized bond hearing.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case indicates that Petitioner entered the United States without inspection by immigration officials and has resided in this country for almost twenty years.  ECF Nos. 1, 10.  Petitioner has no criminal record is not subject to a final order of removal.  ECF Nos. 1, 10.  Considering all of these factors, and consistent with the court's rulings in Maciel v. Noem, No. 1:26-CV-01318-DC-CKD (HC), 2026 WL 496948 (E.D. Cal. Feb. 23, 2026), ECF No. 9 at 1, the undersigned finds that Petitioner is subject to § 1226(a) discretionary

1

detention, not § 1225(b)(2), and was statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a).  See also Osman v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-3641 DC AC, 2026 WL 1389891 (E.D. Cal. May 18, 2026) ("Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section.") (citing Maciel, 2026 WL 496948; Barajas Ortiz v. Chestnut, No. 1:26-cv-1167 DC SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026); Zuniga Cruz v. Noem, No. 1:26-cv-1818 DC EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026)).  Because Respondents do not assert any alternative basis for Petitioner's detention other than § 1225(b)(2), and do not provide any extenuating circumstances that would warrant Petitioner's continued unlawful detention pending a bond hearing, the undersigned finds that the appropriate relief is Petitioner's immediate release.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2.  Respondents be ordered to immediately release Petitioner Cristhian Alejandro Martinez Gutierrez (A# 240-169-811) from their custody.

3.  At the time of release, Respondents be required to return all of Petitioner's documents and possessions.

4.  The Clerk is directed to serve the California City Detention Facility with any order for release.

5.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6.  Any final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7.  The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

2

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 1, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3